### CONVERSION OF A MORTGAGED CHATTEL.

Common Pleas Court of Van Wert County.

THE CITY LOAN & SAVINGS COMPANY v. LEWIS DICKISON.

Decided, December 2, 1916.

*Vendee of a Chattel—Upon Which There is a Valid Mortgage—Liable for Conversion—Necessary Allegation in an Action by the Mortgagee Against Such Vendee.*

1. One who buys from a mortgagor a chattel upon which there is a properly executed and recorded mortgage, and resells said chattel to a third person without the knowledge or consent of the mortgagor or repaying said mortgage, is liable to the mortgagee in an action for conversion.

2. In an action by the mortgagee against the vendee for surrender of the chattel or payment of its value, it is not necessary to allege fraud or bad faith, or that the mortgagor is insolvent, or that there is not sufficient other property covered by the mortgage to satisfy the debt.

*Cable & Cable,* for plaintiff.
*O. W. Kearns,* contra.

STITS, J.

Heard on demurrer.

For its cause of action plaintiff says, in its petition, that on July 8th, 1915, W. G. Collins duly gave his promissory note for $223.25, due six months from date, and, at the same time, to secure its payment, W. G. Collins gave his chattel mortgage on one gray mare, nine years old, to the plaintiff, the City Loan & Savings Company, and that said chattel mortgage was **duly**

filed on July 14th, 1915, with the recorder of Van Wert county, Ohio, where it still remains uncanceled, and that said note remains unpaid.

That on November 24th, 1915, said Collins, without knowledge or permission of plaintiff, sold said horse to the defendant, Lewis Dickison, who has since sold the same to some person unknown to plaintiff. That the value of said horse at the time of its purchase and resale was $175; the plaintiff demanded of said Lewis Dickison that he either surrender said horse, so that it may be subjected to the terms of said chattel mortgage, or that he pay the plaintiff the sum of $175, which request was refused by said defendant.

To the petition setting up this cause of action the defendant has filed a demurrer, saying that the petition does not state facts sufficient to constitute a cause of action.

The sole question presented here is whether or not the defendant, in buying the horse in question, covered by a chattel mortgage duly filed with the county recorder, and selling the horse, under the circumstances recited, can be held liable for conversion.

Conversion is any distinct act of dominion wrongfully exerted over one's property in denial of his rights or inconsistent with it.

The interest of a mortgagee, under a chattel mortgage, is that of a general owner of the property mortgaged. *Robinson v. Fritch,* 26 O. S., 659; *Root & McBride v. David et al,* 51 O. S., 29.

The plaintiff, by virtue of its chattel mortgage, was the general owner of this horse. The chattel mortgage on file in the recorder's office was constructive notice to the world of that ownership. When the defendant took said horse, under his purchase from Collins, and sold it again, he exercised acts of dominion over it which, in contemplation of law, were wrongful and in denial of the right of the plaintiff and inconsistent with such right; his acts amounted to a conversion of the horse, although he acted in good faith.

It has been argued that fraud or bad faith between Collins and Dickison should be set up in a petition of this kind. The

question of fraud or bad faith has nothing whatever to do with the case of this kind.

It is also suggested that there should be an allegation to the effect that Collins, the mortgagor, was insolvent, or that there was sufficient other property described in the chattel mortgage so that the plaintiff in this case was not damaged. Such allegations are not necessary in this petition, but if they were a necessary part of the case the proper place to bring up such matter would be in the answer and by proper allegation.

The only question before this court is whether the petition sets up facts sufficient to constitute this cause of action. If it is necessary to bring in other parties, that too may be done by other pleadings, if the other parties are necessary and the defendant has a right to bring in other parties.

And as to the suggestion that plaintiff should set out the whole chattel mortgage, that is foreign to the question presented on this demurrer, for the demurrer admits the facts stated in the petition, and the court has nothing to consider except the facts stated in the petition, and the court assumes, for the purpose of the questions of this demurrer, that those facts are true. If it is necessary to set out the whole chattel mortgage in order to protect the defendant in his rights and in order to bring the whole chattel mortgage before the court, that too would be a matter of defense.

The case set out in the petition is clearly a case of conversion. It has been held that the owner of a chattel, or one having a special property in it, coupled with the right to possession, may follow it into whosoever's hands it may come, and make him liable in trover, if he shall have abused it, used it as his own, or done any act inconsistent with the rights of the owner, which is conversion. (See *Woolsey* v. *Seeley et al*, Wright, 360.)

It has also been held that:

"One who purchases of a mortgagor a chattel upon which there is a properly executed and recorded chattel mortgage, and resells the chattel to a third person, is liable to the mortgagee in an action for conversion." *Holub* v. *Kirk Co.*, 23 C.C. (N.S.), 588.

The general rule of damages for conversion is the value at the time of conversion, with interest.

The petition states a value of the horse at the time of its purchase and resale by defendant. The court is not prepared to say that the conversion took place at that time or that it took place at the time of the demand, but at any rate the time of the conversion of the property was either at the time of the sale or purchase, or at the time of the demand, and the exact time is not material for the reason that no interest is demanded.

The demurrer will be overruled and exceptions noted.